1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT
9                        EASTERN DISTRICT OF CALIFORNIA
10

11  LORI WELEIN,                          ) Case No.: 1:14-cv-01383 - JLT
                                          )
12              Plaintiff,                ) ORDER TO SHOW CAUSE WHY SANCTIONS
                                          ) SHOULD NOT BE IMPOSED FOR PLAINTIFF'S
13        v.                              ) FAILURE TO COMPLY WITH THE COURT'S
                                          ) ORDER
14  CAROLYN COLVIN,                       )
    Acting Commissioner of Social Security,)
15                                        )
                Defendant.                )
16

17        On June 8, 2015, Defendant served a response to Plaintiff's confidential letter brief. (Doc. 10.)

18  Pursuant to the Court's scheduling order, if the parties did not agree to remanding the action to the

19  Commissioner for further proceedings, Plaintiff's opening brief was to be filed with the Court within

20  thrity days of the date of service. (Doc. 8-1 at 2.) Accordingly, Plaintiff was to file an opening brief in

21  this action no later than July 6, 2015. To date, Plaintiff has neither filed the opening brief, nor

22  requested an extension of time.

23        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

24  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

25  and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

26  inherent power to control their dockets," and in exercising that power, a court may impose sanctions

27  including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

28  (9th Cir. 1986). A court may impose sanctions based on a party's failure to prosecute an action or

                                              1

failure to obey a court order, or failure to comply with local rules.  *See*, *e.g*., *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why sanctions should not be imposed for failure comply the Court's Order or, in the alternative, to file her opening brief.

IT IS SO ORDERED.

Dated:   **July 10, 2015**                              **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE