1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  LORI WERLEIN,                           )  Case No.: 1:14-cv-01383- JLT
                                            )
12            Plaintiff,                     )  ORDER GRANTING COUNSEL'S MOTION
                                            )  FOR ATTORNEY FEES PURSUANT TO
13       v.                                  )  42 U.S.C. § 406(b)
                                            )
14  ANDREW M. SAUL[1],                       )  (Doc. 32)
    Commissioner of Social Security,         )
15                                           )
              Defendant.                      )
16

17          Stephen Rosales, counsel for Plaintiff Lori Werlein, seeks an award of attorney fees pursuant to

18  42 U.S.C. § 406(b). (Doc. 32)  Neither Plaintiff nor the Commissioner of Social Security oppose the

19  motion.[2]  For the following reasons, the motion for attorney fees is **GRANTED**.

20  **I.      Relevant Background**

21          Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing

22  on August 15, 2014.  (Doc. 32-1)  The agreement entitled counsel to an award of "25% of the backpay

23  awarded" if judicial review of an administrative decision was required, and the adverse decision of an

24  ALJ was reversed. (*Id.* at 1) The agreement also required counsel to "seek compensation under the

25  Equal Access to Justice Act," and the amount awarded would be credited to Plaintiff "for fees

26

27          [1] This action was originally brought against Carolyn W. Colvin in her capacity as then-Acting Commissioner.
    Andrew M. Saul, the newly appointed Commissioner, has been automatically substituted as the defendant in this action.
    *See* Fed. R. Civ. P. 25(d).

28          [2] The Commissioner filed a response to the motion, in which he offered an "analysis of the requested fees" but
    asserted he was "not in a position to either assent to or object to the §406(b) fees that Counsel seeks." (Doc. 34 at 2)

                                            1

otherwise payable for court work." (*Id.*)

On September 4, 2014, Plaintiff filed a complaint for review of the administrative decision denying his application for Social Security benefits. (Doc. 1) The Court affirmed the findings of the ALJ on January 4, 2016. (Doc. 16) Plaintiff appealed the decision to the Ninth Circuit Court of Appeals, which found "the ALJ erred by failing to explain why he rejected critical aspects of Werlein's subjective symptom testimony." (Doc. 24 at 2) The Court credited Plaintiff's testimony as true and remanded the matter for payment of benefits on February 28, 2018. (*Id.* at 6-8) On June 6, 2018, the mandate of the Ninth Circuit took effect. (Doc. 25, 29) Judgment was entered in favor of Plaintiff on June 29, 2018. (Doc. 29)

Pursuant to the terms of a stipulation between the parties, the Court awarded Plaintiff $6,000 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 27 at 1) Upon remand, the Social Security Administration determined Plaintiff was eligible for benefits beginning June 2011. (Doc. 32-3 at 1) In total, Plaintiff was entitled to $72,042.00 in past due benefits, out of which the Commissioner withheld $18,010.50 for payment of attorney's fees. (Doc. 32 at 4; Doc. 32-3 at 3)

Mr. Rosales filed the motion now before the Court on July 19, 2019, seeking fees in the amount of $18,010. (Doc. 32) Mr. Rosales served Plaintiff with the motion and informed her of the right to respond, to indicate whether she agreed or disagreed with the requested fees within fourteen days of the date of service. (*Id.* at 2, 11) Plaintiff has not opposed the motion.

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are

2

unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

### III.  Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded past-due benefits. The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 50.3 hours while representing Plaintiff before the District Court and Ninth Circuit Court of Appeals.  (Doc. 32 at 3; Doc. 32-4 at 1-2)  Due to counsel's work, the action was remanded for payment of benefits.  For this, Mr. Rosales requests a fee of $18,010.  (Doc. 32 at 3) Because $6,000 was paid under the EAJA, the net cost to Plaintiff is $12,010. Finally, though served with the motion and informed of the right to oppose the fee request (Doc. 32 at 2, 11), Plaintiff did not file oppose the request and thereby indicates her implicit belief that the fee request is reasonable.

Significantly, there is no indication Mr. Rosales performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted.  Plaintiff was able to secure a remand for payment of benefits following her appeal, including an award of past-due benefits. Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b), or the amount withheld for the payment of fees by the Administration.

### IV.  Conclusion and Order

Based upon the tasks completed and results achieved, the Court finds the fees sought by Mr. Rosales are reasonable.  Accordingly, the Court **ORDERS**:

1.       Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of

$18,010.00 is **GRANTED**;

2. The Commissioner shall pay the amount directly to Counsel, the Law Offices of Lawrence D. Rohlfing; and

3. Counsel **SHALL** refund $6,000.00 to Plaintiff Lori Werlein.

IT IS SO ORDERED.

Dated:   **August 27, 2019**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE